## IN RE APPLICATION OF NORTHWESTERN BELL TELEPHONE COMPANY.[1]

July 24, 1925.

No. 24,665.

**Power to fix telephone rates in particular localities.**

1. The statute placing telephone companies under the supervision of the Railroad and Warehouse Commission gives the commission power to fix reasonable rates for particular localities without making a state-wide adjustment of rates.

*No vested right in established rates.*

2. Rates established by legislative authority create no vested rights and may be changed from time to time at the discretion of the body possessing such legislative power.

[1]Reported in 204 N. W. 873.

**Presumption that order of commission is reasonable.**
    3. The order of the commission is presumed to be reasonable and
is sustained by the record.

    1. See Tel. and Tel., 37 Cyc. p. 1630.
    2. See Tel. and Tel., 37 Cyc. p. 1630.
    3. See Tel. and Tel., 37 Cyc. p 1632,

The city of Duluth and the attorney general, in its behalf, ap-
pealed to the district court for St. Louis county from the order of
the Railroad and Warehouse Commission granting the Northwest-
ern Bell Telephone Company an increase from the existing schedule
of rates charged in that city. The appeal was heard before Mag-
ney, J., who affirmed the order of the commission. From the judg-
ment the state and the attorney general, at the request of the city
council, appealed. Affirmed.

*Clifford L. Hilton,* Attorney General, and *John B. Richards,* City
Attorney for appellants.

*F. E. Randall, W. E. Whipple, E. A. Prendergast* and *A. J. McBean,*
for respondent.

TAYLOR, C.

In July, 1922, respondent telephone company made an application
to the Railroad and Warehouse Commission to increase its rates
for telephone exchange service in the city of Duluth on the ground
that the rates then in force did not yield a fair return upon the
value of the property used in rendering such service and were con-
fiscatory. A schedule of proposed rates was attached to the peti-
tion. From the evidence presented at the hearing upon this appli-
cation, the commission found that the rates in Duluth yielded a
return of less than 3 per centum upon the value of the Duluth plant,
and on December 28, 1922, made an order authorizing the company
to place in effect the schedule of rates attached to the order. At
the instance of the city of Duluth the attorney general appealed
from this order to the district court. That court affirmed the order
of the commission, and a further appeal brings the matter before
this court.

Chapter 152, p. 208, L. 1915, gave the Railroad and Warehouse Commission the same jurisdiction and supervisory powers over telephone companies that it had over railroad and express companies. This act, as amended, is found in sections 5286 to 5319, inclusive, G. S. 1923. Appellant contends that under this act a change of the rates in any given locality can be made only as a part of a state-wide adjustment of rates; that the Commission is without power to change the rates at Duluth unless it makes a readjustment of all rates of the company within the state. We are unable to sustain this contention. The statute provides:

"The requirement as to reasonableness of rates shall apply to each exchange unit as well as to telephone plants as a whole. No telephone rates or charges shall be allowed or approved by the commission under any circumstances, which are inadequate and which are intended to or naturally tend to destroy competition or produce a monopoly in telephone service in the locality affected." L. 1915, c. 152, § 18, G. S. 1923, § 5304.

We think that this provision, in connection with the other provisions of the act, gives the commission ample power to authorize and require reasonable and adequate rates for exchange service at any given locality in the state, and also to authorize and require, from time to time, such changes in the rates in a particular locality as may be found necessary in order to make them reasonable and adequate. Rates, which were reasonable at the time and under the conditions existing when adopted, may be either too high or too low at another time under different conditions. Exorbitant rates in a particular locality place an undue burden upon the residents of that locality. Inadequate rates naturally tend to destroy competition and create a monopoly; and also result in placing an undue burden upon other localities. The act clearly shows that the legislature intended the commission to possess and exercise all the powers necessary to enable it to establish reasonable rates for each exchange unit in the state and also for the system as a whole.

Prior to April, 1922, the commission had made a valuation of the property of respondent used in its business in Minnesota and had

made an extended investigation of the matter of rates. On April 29, 1922, it made an order which, after reciting the conclusions reached as a result of its investigations, continued in force all the rates of respondent on intrastate business then in effect. This order, however, reserved the matter of the reasonableness of the rates of the individual exchanges for further consideration, and approved the existing rates subject to such modification as further investigation might warrant. Appellant insists that the rates in Duluth remain as fixed by this order. This claim is apparently based on two untenable theories—that the order not having been appealed from became conclusive and precluded the commission from subsequently changing such rates, and that the order of December 28, 1922, is of no effect because not made as part of a statewide adjustment of rates. "The ratemaking power is a legislative power," and rates fixed by legislative authority may be changed at the legislative will. No vested rights exist in rates so established. Skinner & Eddy Corp. v. U. S. 249 U. S. 557, 39 Sup. Ct. 375, 63 L. ed. 772; Hammond Lbr. Co. v. Pub. Service Com. 96 Ore. 595, 189 Pac. 639, 9 A. L. R. 1223; Milwaukee Elec. Ry. & L. Co. v. Railroad Commission, 169 Wis. 421, 172 N. W. 746; Coplay C. M. Co. v. Pub. Ser. Com. 271 Pa. St. 58, 114 Atl. 649, 16 A. L. R. 1214. We think the commission had ample power to make the December order and that it superseded the April order so far as the latter related to the rates in Duluth.

Appellant further contends that the rates established for the Duluth exchange are discriminatory. The statute provides that "the findings of fact made by the commission shall be prima facie evidence of the matters therein stated, and said order shall be deemed prima facie reasonable." L. 1915, c. 152, § 22; G. S. 1923, § 5308.

The commission found that the rates charged by respondent throughout the state produced a net return of 5.85 per centum upon the fair value of its property; that the rates charged in Duluth produced a return of 2.55 per centum upon the fair value of its Duluth property; and that the rates proposed by respondent would produce a return of 6.79 per centum upon the fair value of its Duluth prop-

erty. The commission granted the major part of the proposed increases but not all of them, so that the rates as authorized would produce a return of somewhat less than 6.79 per centum upon such value. Appellant does not claim that such a return is excessive, and could not well do so, for no court would sustain such a claim. But appellant insists that these rates create a discrimination against Duluth.

We do not quite follow the argument advanced. It seems to be based on the theory that the burden is on the respondent to show that the rates are reasonable and nondiscriminatory, although the burden is on the appellant to show that the order of the commission is unreasonable or invalid. Minneapolis is the largest city served by respondents, Duluth, the second in size, and St. Cloud the third in size. The rates fixed for Duluth are lower than those at Minneapolis and higher than those at St. Cloud. The difference in rates for different localities is explained in part by the difference in the number of people to whom a particular exchange gives access at a flat rate, and in part by differences in other conditions which render the installation and operation of an exchange more expensive per station in some localities than in others. The commission found that the situation at Duluth is peculiar and the expense of both installation and operation unusually high, and took that fact into consideration in fixing the rate. The statute does not contemplate that rates shall be uniform throughout the state, and no one claims that such a requirement would be reasonable or practicable.

Appellant complains because the revenue from toll lines on Duluth business was not included in computing the return from the Duluth plant. No part of the value of the toll lines was included in fixing the value of the Duluth plant. The commission treated toll lines as a separate and distinct item both in respect to value and rates, and we think were within their discretion in doing so.

The record discloses that the commission acted well within the authority conferred upon it by the statute and that its order is amply sustained by the evidence.

Judgment affirmed.

STONE, J., took no part.